The Honorable Nevin G. Smith Secretary Department of Administration 435 Carlton Building Tallahassee, Florida 32301
Dear Secretary Smith:
This is in response to your request for my opinion on the following question:
 ARE VOCATIONAL-TECHNICAL SCHOOLS CONSIDERED STATE AGENCIES FOR PURPOSES OF s 216.262(1)(c) AND (d), F.S.?
Your question is answered in the negative.
Section 216.262(1), F.S., provides in pertinent part:
 (c) No individual employed by a state agency may hold more than one employment during his normal working hours with the state, such working hours to be determined by the head of the state agency affected, unless approved by the department.
 (d) No individual employed by a state agency may fill more than a total of one full-time equivalent established position, receive compensation simultaneously from any appropriation other than appropriations for salaries, or receive compensation simultaneously from more than one state agency unless approved by the department during each fiscal year. (e.s.)
For purposes of the fiscal affairs of the state, s 216.011(1)(jj), F.S., provides as follows:
 "State agency" or "agency" means any official, officer, commission, board, authority, council, committee, or department of the executive branch, or the judicial branch, as herein defined, of state government. (e.s.)
Therefore, pursuant to the statutory definition of "state agency" for the purposes of Ch. 216, F.S., a vocational-technical school is a "state agency" for purposes of s 216.262(1)(c) and (d), F.S., only if the governing authority of such school is within the executive branch of state government. See, Ch. 20, F.S., for the organizational structure of the executive branch of state government. However, inasmuch as your agency has informed this office that the vocational-technical school or schools with which your inquiry is concerned are established and operated by a district school board under authority of s 228.061(2)(a)5., F.S., and pursuant to ss 230.63-230.64, F.S., the issue for determination more precisely involves the relationship of district school boards to the executive branch of state government. See, s 228.061(2)(a), F.S., providing in part:
 There may be established, at the discretion of the school board, other schools, courses, and classes pursuant to law or by regulations of the state board for:
* * *
 5. Providing technical or vocational training for persons regardless of age . . . . (e.s.)
See also, s 230.63(1), F.S., stating in pertinent part that "[a]ny school board . . . may, as a part of the district school system under the provisions of s. 228.061, organize, establish and operate an area vocational-technical center . . . ." (e.s.); and s 230.64(1) providing in relevant part that a vocational-technical center shall comprise a part of the district school system of the state and be under the control of the school board of the district in which it is located. Accordingly, the plain meaning of the quoted statutory provisions of ss 216.011, 216.262, 228.061, 230.63 and 230.64, F.S., is that vocational-technical schools are established as "a (component) part of the district school system" and operated by the district school boards, and such schools would be subject to the provisions of s 216.262(1)(c) and (d), F.S., only if such district school boards are "board[s] . . . of the executive branch . . . of state government."
District school boards are constituted corporate bodies (s 230.21, F.S.) and are statutorily charged with management, control, operation, administration, and supervision of the district school system (s 230.03, F.S.) and are authorized to exercise any power except as expressly prohibited by general law or by the Constitution (s 230.03[2], F.S.). See, AGO's 83-72 and 84-58. While vocational-technical centers or schools are funded by state, district and federal funds or by any combination thereof supplemented by funds from other lawful sources as may be available (see e.g., ss 228.061(2)(b), 230.23(4)(h) and Ch. 236, F.S.), the aforecited statutory provisions make it clear that subject vocational-technical centers or schools are established, maintained and operated as integral parts of the district school systems, operated by the district school boards which are constitutional agencies autonomous of the executive branch of state government, and such schools are not "state agencies" for the purposes of Ch. 216, F.S., and in particular, s 216.262(1)(c) and (d), F.S. Cf., AGO's 80-64 and 74-303 which respectively conclude that community college districts are not state agencies for the purposes of Ch. 110 or Ch. 216, F.S.
Accordingly, it is my opinion that vocational-technical centers or schools established and operated as integral parts of the district school systems pursuant to s 228.061 and 230.63-230.64, F.S., are not a part of the executive branch of state government and therefore are not "state agencies" for the purposes of the fiscal affairs of the state or of s 216.262(1)(c) and (d), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General